## GILFORD *vs.* EPPING.

Where the act, repealing the statute of 5  George I., relative to the  settlement of paupers, contained a proviso, that all matters done or transacted under it might be completed, pursuant to the  former law—*Held*, that a mere commencement of a residence in a town, under the former act, was  not an  act done within the meaning of the proviso; and that the warning of an individual from town, who had commenced such residence, must be made agreeably to the provisions of the new act.

ASSUMPSIT, for relief furnished by the plaintiff to Thomas Weeks, and Martha Weeks, his wife, paupers, alleged to have their settlement in Epping.

It was agreed, for the purposes of this trial, that all the facts necessary to sustain the action were proved, except the settlement of the paupers in Epping.

It appeared that Thomas Weeks, upon whose settlement that of his wife depended, resided more than a year in Epping, prior to 1791, without being warned out, and had his settlement in that town, unless he subsequently gained a settlement in the town of Chichester.

The 9th of February, 1792, he removed to the town of

Chichester, and continued to reside in that town for about seven years from that date. On the 23d of October, 1792, he was warned out of that town, by a warrant issued, and returned, agreeably to the provisions of the act of September 15th, 1792.

The question of residence was submitted to the court on these facts, and it was agreed that judgment should be rendered for either party, as they should direct ; and that the amount of damages, if necessary to be found, should be determined by an auditor, or in such other manner as the parties might agree.

*James Bell*, for the defendant. The pauper commenced his residence in Chichester under the act of 5 *George 1.* This act was repealed on the 15th of September, 1792 ; but there was a proviso to the repealing act, by which all acts done and transacted under the previous act should remain in force, and all proceedings commenced under the same might be perfected and completed under it, in the same manner as though the act had not been repealed.

This proviso retained the act in force in reference to any settlement the pauper might gain in Chichester ; and, if warned out from that town, the warning should be in conformity to the act of 5 *George I.*, which requires that the time of residence of the pauper in town should be stated, which was not done, and the warning out is therefore invalid. 1 *N. H. Rep.* 260, *Bow* vs. *Nottingham* ; *Ditto* 13, *Loudon* vs. *Deering* ; 8 *Ditto* 136, *Meredith* vs. *Exeter.*

*Hazelton*, (with whom was *Bartlett*,) for the plaintiff. The proviso to the act of September 15th, 1792, was not designed to apply to cases where a mere residence was commenced in any town. This was so holden in *Exeter* vs. *Stratham*, 2 *N. H. Rep.* 102.

Where a warrant has issued, and been served under the former act, it is conceded that the proviso is in force, and

Gilford *v.* Epping.

the warrant must be returned in conformity to the provisions of such act. Such was the decision in 6 *N. H. Rep.* 302, *Nottingham* vs. *Barrington ;* but here the warrant issued under the new act, and no proceedings were commenced under the old.

UPHAM, J. In this case it is conceded that the town of Epping is liable for the support of the pauper, unless, since leaving that town, the pauper has gained a settlement in Chichester.

It is in evidence that he removed to Chichester the 9th of February, 1792, and resided there about seven years ; and he has his settlement in Chichester, unless he was legally warned out of that town.

His residence commenced there under the provincial act of 5 *George I.*, about seven months prior to its repeal by the act of June 20th, 1792, which went into operation on the 15th of September, 1792.

The act of June 20th, 1792, repealed a large number of acts, which had been superseded by a revision of the statutes, and it contained a proviso, " that the repealed acts or laws should be in force, as to all matters done, or transacted, during their existence to which they relate, to all intents and purposes, as though the repealing act had not been made ; and that all such matters might be prosecuted, commenced, done and completed at any time thereafter, pursuant to said laws." *Laws N. H.* 486, (*Ed.* 1815.)

The expressions in the proviso are general, and were designed to save any proceedings commenced, or rights acquired, under the numerous acts repealed by this statute. And the question arises in this case, whether the saving clause, or proviso, extended to cases of *residence* commenced under the former act, so as to retain such cases within its provisions, and to subject the town to a pursuance of proceedings in such cases in conformity to the provisions of the repealed act.

We are of opinion that the mere commencement of a residence under the former act is not one of the acts done and transacted, which was intended to be saved by the proviso.

In the first place, there was no occasion for any reference in the proviso to a residence, commenced under the prior act, for the reason that the new act itself included past residences, as it provides "that every person who *hath* lived one year in any town, or place, shall be deemed an inhabitant of such town or place, unless some time within such year, or before the expiration thereof, he shall have been warned to depart." 1 *Laws N. H.* 356, (*Ed.* 1815.) There is no reason, therefore, to suppose that the saving clause of the new act extended to cases of this kind in the old, which were equally preserved and enforced under the provisions of the new act.

This construction of the law harmonizes with the views of the court in the case of *Exeter* vs. *Stratham*, 2 *N. H. Rep.* 102, in relation to this point. That decision in other respects has been overruled in the case, *Gilford* vs. *New-Market*, decided in the county of Strafford, March term, 1833; and in *Nottingham* vs. *Barrington*, 6 *N. H. Rep.* 302, but remains unaffected on the point to which it is now cited.

In the last cases named, a warrant had been issued and served under the prior act; and it was holden to be "an act done and transacted" under the old law, which might be "prosecuted and completed" by force of the proviso, in the same manner as though the act had not been repealed.

In the case before us, nothing has been done under the former act, except the mere fact of a residence commenced under it, which is equally provided for by the new act. The warrant in this case was issued, served and returned, after the act went into effect, and there was nothing on which the proviso could operate to retain the old law in force. While we fully sustain the correctness of the cases of Gilford *vs.* New-Market, and Nottingham *vs.* Barrington, as

coming within the provisions of the former act, it is equally clear, and results necessarily from the principle of those cases, that the warning out in this case should be under the provisions of the new statute. In Nottingham *vs.* Barrington the marginal note goes beyond the facts in the case, and should be limited to the point decided.

With these views of the law, as applicable to this case, the pauper was duly warned out from Chichester, and there must be

*Judgment for the plaintiff.*